**FILED**

APR 1 2 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Donald Edmond (pro-se)
1618 Belmont Street, Apt. #B
Washington, D.C. 20009
(202)286-2267,

    Plaintiff,

vs.

American Educational Services/Nat'l Collegiate Trust
1200 N. Seventh Street
Harrisburg, PA 17105
(800)233-0557,

    Defendant

Case: 1:10-cv-00578
Assigned To : Bates, John D.
Assign. Date : 4/12/2010
Description: Pro Se Gen. Civil

## I.

## COMPLAINT

Plaintiff Donald Edmond (hereinafter "Edmond") against Defendant American Education Services/National Collegiate Trust (hereinafter "AES") does hereby allege and complain as follows:

## II.

## NATURE OF THE ACTION

This action arises out of AES acting in bad faith in material breach of its loan agreement with Edmond during the course of a promissory agreement between the two parties. AES

RECEIVED
MAR 25 2010
Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

engaged in unfair dealing and deceptive trade practices in the ordinary course of its commercial activity, causing significant injury to Edmond and recklessly injuring a third party cosigner by making false and defamatory representations of fact to credit bureaus regarding this account creating a dispute between Edmond and AES. Constructively on notice of the dispute, AES ignored pleas to act reasonably or with integrity to resolve said dispute, opting to continue predatory and harmful collections practices of a debt AES knew to be in dispute, essentially ignoring all pleas from Edmond.

### III.

### JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as a result of diversity of the parties, and pursuant to Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). The amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) because a substantial part of the relevant events and harm occurred in this district.

### IV.

### GENERAL ALLEGATIONS

Edmond states the following in satisfaction of sufficiency of pleading of material facts to support his claim for relief.

**FACTS NOT IN DISPUTE/POTENTIALLY DISPUTED FACTS**

1  Plaintiff Donald Edmond, a recent graduate of Suffolk
2  University Law School in Boston, Massachusetts entered into a
3  "TERI" loan agreement with lender on or around October 25th, 2005.
4  Edmond was notified that AES is the "servicer" of said TERI
5  loan.
6  Prior to expiration of post-graduation grace period in
7  anticipation of a challenging job market for new lawyers, Edmond
8  began submitting forms for forbearance to AES. These forms
9  placed AES on constructive notice of Edmond's economic
10 circumstances and Edmond's repeated, consistent and timely good
11 faith communications in expectation of reciprocation of good
12 faith by AES.
13 After receiving no response to numerous written inquiries
14 about the status/condition of his loan from late spring through
15 early August 2009, Edmond contacted AES on or around August 18th,
16 2009. Edmond spoke to Aaron of AES "eComm" who informed Edmond
17 that his period of forbearance "did not expire until July, 2009.
18 Edmond was advised by Aaron that AES had rejected or failed
19 to process his forms requesting forbearance. Edmond resubmitted
20 request for forbearance promptly.
21 On or around September 11th 2009, Edmond learned/gained
22 notice that his loan was placed in forbearance status by AES,
23 effective through December 2009. AES learned that this
24 forbearance was backdated to June 2009.
25

On or around October 7th 2009, AES through its website for borrowers reported Edmond's loan as follows:

**"Delinquency 0 days"**

On or around the same date, October 7th 2009, AES reported the same loan to TransUnion, Experian and Equifax credit bureaus as follows:

**"60-90 days delinquent"**

This misleading and false information was reported on the credit report of Doris Muellner. Edmond's cosigner for the original TERI loan. Muellner brought this defamatory information to Edmond's attention on or around October 2009 when Bank of America lowered her credit line and notified her of this action because of the (false) delinquency reported by AES.

Prior to this incident, AES has NEVER contacted Muellner regarding this loan in any way, shape or form.

On or around October 7th 2009, Edmond contacted AES to inquire about this inconsistent, false and defamatory statement regarding delinquency. Edmond spoke to an agent/representative of AES named "Amber" with an operator number PH18514. Edmond stated to her that AES' report of 60-90 days delinquency was false according to his account records and the forbearance granted by AES. Amber agreed with Edmond's assessment that the information purporting a delinquency for the period in question was "false", confirmed that the loan was "not delinquent" during this time period and advised Edmond to fax the information he

found on Muellner's credit report to her for review and prompt correction.

Edmond faxed the requested information to AES, but the defamatory statements on Edmond and Muellner's credit reports were not corrected as promised. Edmond then contacted AES via telephone and spoke to another AES agent/representative who claimed "Amber" no longer works for AES and denied the information Amber affirmatively provided to Edmond on or around October 7th 2009.

Unable to compel AES to act reasonably to correct this discrepancy and stop the harm to Edmond's cosigner, Edmond contacted TransUnion to dispute the information provided by AES that claimed Edmond's loan was 60-90 days delinquent from May – July 2009.[1]

On or around October 20th, 2009, Edmond learned that AES had altered the October 7th 2009 entry in Muellner's credit file, attempting to "cover" or correct erroneous information initially reported to TransUnion regarding Edmond's loan status.

Edmond reported these actions to TransUnion, indicating to TransUnion that the creditor in question, AES is reporting inconsistent and false information and attempting to conceal their error by altering information they previously reported. TransUnion agreed to investigate these false statements and questionable business practice by AES. Eventually, after AES

---

[1] Plaintiff Edmond states in this complaint as undisputed fact that from December 2008 – December 2009, when the dispute over AES' defamatory acts raged on, that Edmond was not delinquent with AES, yet the defamatory information lingered at the request of AES on Edmond and Muellner's credit files, causing specific harm.

repeated publication of defamatory statements about Edmond's loan status during TransUnion's investigation of the validity of their entry, TransUnion refused to remove the defamatory information and directed Edmond to pursue this matter directly with the creditor.

During a time period starting on or around November 14th, 2009, Edmond and Muellner continued actively disputing false and deceptive information reported by AES to TransUnion on both Edmond and Muellner's credit file. Due to continued unemployment and financial hardship, disclosed consistently to AES, Edmond filed for another period of forbearance as advised by AES in the event that borrowers cannot make their appointed payment.

However, as the disputes about accuracy and challenges to the false reporting of information by AES to TransUnion were occurring, AES began sending letters to Edmond's cosigner without her consent or request. AES, in an act of likely retaliation, later denied Edmond's request for forbearance on or around January 4th, 2010.

With no options at the moment and during attempts to prepare for the District of Columbia Bar Examination, Edmond contacted AES through Aaron (eComm) to explain the situation and seek assistance to gain forbearance. Aaron directed Edmond to apply for forbearance again, which Edmond promptly did.

AES has denied any and all attempts by Edmond to seek the forbearance that AES advises him to seek in the event that

financial circumstances prevent him from making his scheduled payment. Since denying forbearance, AES has continued aggressive collections actions, including harassing Edmond's cosigner, ignoring all attempts by Edmond to communicate and maintain dialogue and reporting a debt it knows to be in dispute as delinquent, ignoring repeated attempts to gain forbearance it claims to offer Edmond on his account screen maintained by AES custodians.

Edmond alleges that AES has, and continues to engage in unfair dealing and deceptive acts in violation of D.C. Official Code § 28-3901 et.seq., the Consumer Protection Practices Act willfully exploiting unconscionable provisions of the initial loan agreement buried in the "fine print" of the promissory note to engage duplicitous, misleading behavior while acting in its commercial capacity. Edmond argues that any provision of his loan agreement that allows AES to engage in false, deceptive, predatory and/or misleading injurious commercial conduct meets the plain language definition of unconscionable.

As a result of the facts presented, AES breached its covenant to act in good faith by making false or misleading representations about Edmond's loan, and engaged in aggressive collections and acceleration tactics with his loan as retaliation to disputes by Edmond of the accuracy of its defamatory representations to TransUnion in October 2009.

## V.

## INJURY

**COUNT I – BREACH OF COVENANT OF GOOD FAITH**

Edmond alleges that as a direct and proximate cause of AES' breach of its covenant of good faith, Edmond has suffered harm to his reputation which adversely impacted his attempts to gain employment, harmed and distracted his preparation for the District of Columbia Bar Examination and created emotional strain and anguish between Edmond and Muellner. AES exploited an unfair contractual advantage to engage in unreasonable behavior to the Edmond's detriment. AES made inconsistent and misleading representations of material fact to Edmond that he relied upon to his detriment in the servicing of this loan agreement leaving Edmond with injury and seeking remedy. Lastly because AES categorically refuses to deal directly or reasonably with him or act in good faith Edmond must seek remedy through this Court.

**COUNT II – DEFAMATION**

Without excuse, and barred in the interests of justice from relying on unconscionable, unenforceable provisions of the original contract, AES cannot dispute that in October 2009, it made contradictory, false and defamatory statements (publications) regarding Edmond's loan status which proximately and factually caused substantial harm.

Edmond spent over six months applying for employment with the United States Government with the Department of Justice and

1 | other agencies, determined to be qualified for each position but
2 | eventually denied opportunity based in part on the defamatory
3 | delinquency statements published on the order of AES.
4 |     Edmond and Muellner also share a home. Prior to AES' false
5 | and defamatory statements, Muellner maintained a perfect credit
6 | file with no delinquencies. AES' defamatory statement and
7 | subsequent unfair dealing and deceptive business practices have
8 | harmed our relationship and finances to the point where we are
9 | forced to delay marriage and remain in long distance
10 | relationship as Edmond seeks bar admission and resides in
11 | Washington D.C. and she in Georgia.
12 |     Muellner fears that she no longer qualifies for a mortgage
13 | and that the terms of her current mortgage will adversely change
14 | due to AES' harm, which jeopardizes Edmond's economic stability
15 | and relationship with Muellner.

**COUNT III – UNFAIR DEALING AND DECEPTIVE BUSINESS PRACTICES**

17 |     Edmond alleges that inconsistent representations by AES,
18 | predatory and aggressive behavior with his cosigner without
19 | consent and refusal to deal directly or reasonably with Edmond
20 | in likely retaliation to Edmond's reasonable disputes with
21 | TransUnion of information believed to be defamatory constitute
22 | acts of unfair dealing and deceptive business practices AES
23 | knows or should have known to be such. When inducing Edmond to
24 | assent to the initial loan agreement, AES failed to disclose
25 |

material facts that if disclosed would lead a reasonable person similarly situated not to enter into an agreement with them.

## VI.

## **POINTS AND AUTHORITIES**

Plaintiff, aware and cognizant of the Court's broad discretion to act on common law to meet the broad demands of justice in the above captioned matter, does cite the following as persuasive if not binding legal authority in support of this complaint:

**BREACH OF COVENANT OF GOOD FAITH**

Lender who made false representations while acting in the ordinary course of commercial activity with regard to borrower/debtor account and engaged in aggressive acceleration and/or collections activity were found to breach its implied covenant of good faith. First National Bank of Libby v. Twombly, 689 P.2d 1226(Montana, 1984). Furthermore, a binding duty to act in good faith in performance or enforcement of contracts is widely recognized under the laws of the District of Columbia. D.C. Code 1963 § 28:1-203 et. seq.

**DEFAMATION**

In order for a non-public figure to recover defamation damages against a non-media party, it must be established that such party published false and defamatory statements regarding non-public figure. Vereen v. Clayborne, 623 A.2d 1190(1993), Croixland Properties Ltd. v. Corcoran, 174 F.3d 213 (C.A.D.C.

1999). Statement is defamatory in nature if it tends to injure plaintiff in his trade or profession. <u>Washington v. Smith</u>, 80 F.3d 555(C.A.D.C. 1996).

**UNFAIR ACTS & DECEPTIVE BUSINESS PRACTICES**

Unfair acts and deceptive business practices in the ordinary course of commercial activity have been deemed to run afoul of the law and contrary to public policy. D.C. Code 1981 §28-3904(r)(See generally, Jackson v. Culinary School of Washington, F.Supp.1233, 27 F.3d 573(1992).

### VII.

### DEMAND FOR A JURY

Plaintiff Edmond demands a jury trial for all counts of relief.

WHEREFORE, Edmond respectfully prays that this Court enter judgment in favor of the Plaintiff in the above-captioned matter and:

1) Against the Defendant AES, for a sum of $75,000.01 as and for compensatory damages as a result of AES' breach of its covenant to act in good faith;

2) Against the Defendant AES, for a sum of $100,000.00 for defamatory statements for each publication;

3) Against the Defendant AES for a sum of $1500.00 for violating the Consumer Protection Practices Act, as provided civil remedy for injured plaintiff in the above-captioned;

    4) Against the Defendant AES for such additional relief the Court deems proper.

WHEREFORE, Edmond also seeks equitable remedy, praying for this Court to enter declaratory judgment in favor of the Plaintiff in the above-captioned matter and:

    5) Against the Defendant AES, ordering AES to release Doris T. Muellner, SSN: \*\*\*-\*\*-5865 from all contractual obligations under account #7921705589, effective immediately;

    6) Against the Defendant AES, ordering modification of loan agreement under account #7921705589 with the following terms:

        a. Removal of all delinquencies previously reported.

        b. Payments adjusted to reflect contingency on income;

        c. Agreement to act in good faith and reasonably for the duration of loan.

Dated this 25th day of March, 2010

/Donald Edmond pro-se
1618 Belmont Street
Apt. #B
Washington, D.C. 20009
(202) 286-2267