UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD EDMOND,

Plaintiff,

v.

AMERICAN EDUCATION SERVICES,

Defendant.

Civil Action No. 10-0578 (JDB)

**MEMORANDUM OPINION**

This matter is before the Court on the Motion to Dismiss Submitted by the Pennsylvania Higher Education Assistance Agency/American Education Services and on plaintiff's Motion for Equitable Relief by Specific Performance. For the reasons stated below, the Court will dismiss Counts I, II, IV and V of plaintiff's Amended Complaint and will deny plaintiff's request for equitable relief.

I. BACKGROUND

While attending Suffolk University Law School, *see* Plaintiff's Amended Complaint ("Am. Compl.") ¶ 2, plaintiff obtained a student loan from Bank of America, N.A.; Doris Muellner, his common-law spouse, *id.* ¶ 13, was the co-signor. *See* Motion to Dismiss Submitted by the Pennsylvania Higher Education Assistance Agency/American Education Services ("Def.'s Mot.") [Dkt. #4], Ex. 1 (Cosigned Loan Request/Credit Agreement) at 1 & 2-3 (Note Disclosure Statements) (exhibit numbers designated by the Court).[1] The Pennsylvania

---

[1] Ms. Muellner is not a party to this action, and plaintiff lacks standing to bring claims or to demand relief on her behalf.

Higher Education Assistance Agency, d/b/a American Education Services ("AES"), serviced the loans.[2] *See* Am. Compl. ¶¶ 3-4; Def.'s Mot. at 1-2. According to plaintiff, AES erroneously reported his accounts delinquent to three credit reporting agencies, Am. Compl. ¶ 13, denied his request for forbearance, *id*. ¶ 25, and subjected him and Ms. Muellner to "shrill, harassing and predatory acts" in its attempt to collect the debt, *see id*. ¶¶ 22-23. He learned of the alleged delinquency "when Bank of America notified [Ms.] Muellner that the joint credit card account she shares with [plaintiff] would be subjected to a reduction in available credit" due to the delinquent student loan. *Id*. ¶ 14.

Plaintiff claims that AES breached its covenant of good faith (Count I), violated the Fair Credit Reporting Act (Count II), defamed him (Count III), engaged in unfair and deceptive business practices (Count IV), and violated the Fair Debt Collection Practices Act (Count V). He demands compensatory damages among other relief. *See id.* at 15.

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual

---

[2] AES represents that "National Collegiate Trust is a wholly separate entity which is not affiliated with AES." Def.'s Mot. at 1 n.1. Plaintiff does not supply a separate address or registered agent upon whom service can be effected, and his pleadings do not allege facts pertaining exclusively to National Collegiate Trust. Accordingly, the Court will dismiss National Collegiate Trust as a party defendant to this action.

allegations are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the grounds of entitle[ment] to relief, a plaintiff must furnish more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-56 (internal quotation marks omitted); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, 130 S.Ct. 2064 (2010). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor must the court accept "a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50 (citation omitted); *see also Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (stating that the court has "never accepted legal conclusions cast in the form of factual allegations"). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557.

### B. Breach of Covenant of Good Faith (Count I)

"Plaintiff alleges that AES breached its contractual duty to act in good faith by willfully choosing to inflict harm through deceptive, misleading and predatory behavior and practices it

knew or should have known would cause harm." Am. Compl. ¶ 31. AES argues that the complaint not only fails to allege the existence of a contract between the parties but also "fail[s] to plead any facts that might constitute an agreement or meeting of the minds between the plaintiff and AES as a loan servicer, and thus cannot establish an implied contract." Memorandum of Law in Support of the Motion to Dismiss Submitted by the Pennsylvania Higher Education Assistance Agency/American Education Services (Incorrectly Identified as American Educational Services) ("AES Mem.") at 3. Further, AES asserts that its contract with the lender, Bank of America, "does not create contractual privity between AES and [p]laintiff." *Id.* at 4.

A claim for breach of contract includes four elements: "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Ihebereme v. Capital One, N.A.*, No. 10-1106, 2010 WL 3118815, at *3 (D.D.C. Aug. 9, 2010) (quoting *Tsinolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009)) (internal quotation marks omitted). "Under District of Columbia law, every contract contains within it an implied covenant of both parties to act in good faith and damages may be recovered for its breach as part of a contract action." *Choharis v. State Farm Fire & Cas. Co.*, 961 A.3d 1080, 1087 (D.C. 2008) (citing *Murray v. Wells Fargo Home Mortg.*, 953 A.2d 308, 321 (D.C. 2008)). This implied covenant means that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Allworth v. Howard Univ.*, 890 A.2d 194, 201 (D.C. 2006) (citations omitted).

Here, plaintiff alleges that he "entered into a loan agreement with a private lender," Am. Compl. ¶ 2, and that AES is the loan servicer, *id.* ¶ 3. Aside from his conclusory allegation that

"AES breached its contractual duty," *id.* ¶ 31, nowhere in the complaint does plaintiff allege the existence of a contract with AES. "Without a contractual duty, there can be no breach of contract." *Ihebereme*, 2010 WL 3118815, at *4. Accordingly, the Court will grant AES's motion to dismiss Count I of the Amended Complaint because the pleading fails to adequately allege a breach of contract claim.[3] *See Shugart v. Ocwen Loan Servicing, LLC*, No. 2:09-cv-1123, 2010 WL 3894155, at *3 (S.D. Ohio Sept. 28, 2010) (dismissing breach of contract claim against "a servicer of the note and mortgage, not a party to or holder of or assignee of the note or mortgage," where conclusory allegation that the servicer breached its contract with plaintiff "does not suffice to allege the existence of contractual privity between Plaintiff and [the servicer]"); *Griley v. Nat'l City Mortg.*, No. CIV. 2:10-1204, 2010 WL 3633766, at *6 (E.D. Cal. Sept. 14, 2010) (dismissing breach of contract claim where "plaintiff's pleading amounts to bare recitation of the elements of breach of contract"); *Burke v. 401 N. Wabash Venture, LLC*, No. 08 C 5330, 2010 WL 2330334, at *2 (N.D. Ill. June 9, 2010) ("The Court fails to see how, post- *Iqbal*, a plaintiff could state a claim for breach of contract without alleging which provision of the contract was breached."); *Johnson v. Homeownership Preservation Found.*, No. 09-600, 2009 WL 6067018, at *7 (D. Minn. Dec. 18, 2009) (Magistrate Report and Recommendation to dismiss a *pro se* plaintiff's breach of contract claim because the amended complaint "failed to plead facts from which this Court could determine that it was plausible that a contract was formed and breached"), *adopted*, 2010 WL 1050333 (D.

---

[3] Because plaintiff has failed to allege a breach of contract claim as against AES, the Court will deny his Motion for Equitable Relief by Specific Performance, through which he purports to demand the enforcement of modified terms of his loan agreement with Bank of America.

Minn. Mar 18, 2010).

*C. Fair Credit Reporting Act and Defamation (Counts II and III)*

Plaintiff describes AES as both a loan servicer, Am. Compl. ¶ 3, and a data furnisher for purposes of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, Am. Compl. ¶ 34. Accepting as true plaintiff's allegation that AES reported his loan delinquent to the major credit bureaus, *id.* ¶ 13; *see* Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Pl.'s Opp'n") at 6, the Court deems AES a data furnisher subject to the provisions set forth in 15 U.S.C. § 1681s-2. *See Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999) ("[C]ommon sense dictates that the term [data furnisher] would encompass an entity . . . which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, MCCA, and TransUnion.").

1. There Is No Private Right of Action Under the FCRA

AES argues that plaintiff's FCRA claim must be dismissed because, as against a data furnisher, there is no private right of action under the FCRA. AES Mem. at 4-5. Pursuant to the FCRA, a data furnisher "shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Nor shall it furnish information if it "has been notified by the consumer . . . that specific information is inaccurate[,] and . . . the information is, in fact, inaccurate." 15 U.S.C. § 1681s-2(a)(1)(B). These provisions "shall be enforced exclusively as provided under section 1681s . . . by the Federal agencies and officials and the State officials identified in [15 U.S.C. §] 1681s." 15 U.S.C. § 1681s-2(d). These government agencies and officials include the Federal Trade Commission, the Board of Directors

of the Federal Deposit Insurance Corporation, the Director of the Office of Thrift Supervision, the Administrator of the National Credit Union Administration, and the chief law enforcement officer of a state. *See* 15 U.S.C. § 1681s. The FCRA does not provide for a private right of action, that is, enforcement by an individual. *See Banks v. Stoneybrook Apartment*, No. 1:99CV00561, 2000 WL 1682979, at *2 (M.D.N.C. June 1, 2000); *Carney*, 57 F. Supp. 2d at 502; *see also Hutchinson v. Delaware Sav. Bank FSB*, 410 F. Supp. 2d 374, 384 (D.N.J. 2006) (concluding that "negative credit ratings and inability to obtain other financing are damages flowing from [defendants'] alleged . . . delinquency reports to credit bureaus[, and such] conduct is regulated by FCRA and is therefore preempted by FCRA"). AES's motion to dismiss plaintiff's claims under the FCRA (Count II) will therefore be granted.

### 2. The FCRA Does Not Preempt Plaintiff's Defamation Claim

According to plaintiff, AES is responsible for the publication of "factually inconsistent statements," Am. Compl. ¶ 37, presumably with respect to the delinquency of his student loan, which have "injured and continue to injure [him]," *id.* ¶ 49. He further alleges that, "[t]o the extent that AES knew or should have known the harm its action would cause . . . [its] actions are malicious." *Id.* ¶ 48. AES moves to dismiss plaintiff's defamation claim on the ground that the FCRA preempts it. Def.'s Mem. at 5-6. Plaintiff counters that the FCRA does not preempt all causes of action for defamation. Pl.'s Opp'n at 7.

With certain exceptions, "no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . <u>except as to false information furnished</u>

with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e) (emphasis added); *see* 15 U.S.C. § 1681t(b)(1)(F); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 434 (7th Cir. 2009) (quoting 15 U.S.C. § 1681(h)); *Avery v. United States*, 534 F. Supp. 2d 40, 42 (D.D.C. 2008) (concluding that negligence claim against federal agencies which allegedly provided false information pertaining to plaintiff's student loan payment history was preempted under 15 U.S.C. § 1681h(e) because the complaint did not allege malice or willful intent).

Here, plaintiff does allege that AES's actions were "malicious considering that AES was given opportunities to act reasonably and knowingly refused," Am. Compl. ¶ 48, and this allegation is sufficient to survive AES's motion to dismiss. Hence, the motion to dismiss plaintiff's defamation claim (Count III) will be denied without prejudice.

*D. Unfair and Deceptive Business Practice (Count IV)*

Plaintiff alleges that AES violated the District of Columbia Consumer Protection Practices Act ("CPPA"), D.C. Code § 28-3901 *et seq.*, through its "inadequate, incompetent and inefficient handling of [his] lawful and reasonable complaints, inquiries, disputes and requests for information" pertaining to his loan. Am. Compl. ¶ 40. Specifically, plaintiff contends that AES "failed to offer timely, affordable or reasonable mitigation options [and] continued unfair harassment of plaintiff [and the co-signor] by accelerating [the loan] in the midst of a material dispute as to whether the entire agreement had been materially breached by AES' actions." *Id.* ¶ 42. AES responds that the CPPA is inapplicable because the statute "only governs transactions between a merchant and a consumer involving the sale of goods or services," and here there exists no consumer-merchant relationship. AES Mot. at 6.

The CPPA "was designed to police trade practices arising only out of consumer-merchant

relationships," *Howard v. Riggs Nat'l Bank*, 432 A.2d 701, 709 (D.C. 1981), and it "has been interpreted to only supply consumers with a cause of action against merchants who provide them with goods or services," *Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 103 (D.D.C. 2004) (citing *Athridge v. Aetna Cas. & Sur. Co.*, 163 F. Supp. 2d 38, 55 (D.D.C. 2001), *rev'd in part on other grounds*, 351 F.3d 1166 (D.C. Cir. 2003)). If, as plaintiff alleges, AES services a loan extended by Bank of America, plaintiff is not a consumer seeking relief as against a merchant with whom he contracted for services.

Although the CPPA sets forth several examples of unlawful trade practices, *see* D.C. Code § 28-3904, plaintiff does not specify the trade practice in which AES allegedly engaged, and from the Court's review, none of the enumerated practices appear to cover AES's alleged mishandling of plaintiff's inquiries and disputes about his loan. Therefore, because the complaint fails to state a claim under the CPPA, the Court will grant the motion to dismiss Count IV of the Amended Complaint.

### E. Fair Debt Collection Practices Act (Count V)

Plaintiff alleges that he and Ms. Muellner "were subjected to shrill, harassing and predatory acts instigated and controlled by AES," Am. Compl. ¶ 22, in an effort to collect "a debt it knew or should have known to be in dispute," *id*. ¶ 24. He states that AES "through its authorized agent . . . engaged in collections practices that harassed, intimidated and harmed plaintiff . . . by placing robo-collections calls, 'parking' misleading and injurious statements on plaintiff's credit file and mailings," *id*. ¶ 44, resulting in "significant harm and injury," *id*. ¶ 45, in violation of the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692, *et seq*. AES moves to dismiss plaintiff's claims under the FDCPA on the ground that its provisions do

not apply to a loan servicer. AES Mem. at 7.

For purposes of the FDCPA, the term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term <u>excludes</u>:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) <u>concerns a debt which was not in default at the time it was obtained by such person</u>; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor

15 U.S.C. § 1692a(6)(F) (emphasis added). Plaintiff does not allege that his account was in default, and AES relies on this omission to argue that it is excluded from the FDCPA's coverage. AES Mem. at 7. Plaintiff counters that "[d]efault is not the sole state of debt that triggers the protections of the FDCPA," Pl.'s Opp'n at 10, but he does not contend that AES would be covered under any other provision of the FDCPA.

Absent an allegation that plaintiff's loan was in default when AES acquired it, AES is not a debt collector and thus is not subject to the FDCPA. *Brumberger v. Sallie Mae Servicing Corp.*, 84 Fed. Appx. 458, 459 (5th Cir. 2004) (per curiam) (affirming dismissal of FDCPA claim against student loan servicer because "[b]y its plain terms the FDCPA does not apply" absent an allegation that plaintiff "was in default at the time Sallie Mae began servicing his loans"); *Ramirez-Alvarez v. Aurora Loan Servs., LLC*, No.01:09cv1306, 2010 WL 2934473, at *5 (E.D. Va. July 21, 2010) (granting summary judgment for mortgage loan servicer, which was

not a debt collector for purposes of the FDCPA because it "received the debt in question while it was not in default"); *Mondonedo v. Sallie Mae, Inc.*, No. 07-4059, 2009 WL 801784, at *5 (D. Kan. Mar. 25, 2009) (granting summary judgment for loan servicer which "obtained the loans originated by [a bank] for servicing prior to default and is exempt from liability under the FDCPA"); *see also Taggart v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-00843, 2010 WL 3769091, at *11 (E.D. Pa. Sept. 27, 2010) ("Loan servicers are not "debt collectors" under the FDCPA unless the debt being serviced was in default at the time the servicer obtained it."). The Court will dismiss Count V of the Amended Complaint because AES, as a loan servicer, is not a covered debt collector under the FDCPA absent an allegation that plaintiff's account was in default when AES acquired it.

### III. CONCLUSION

The Court concludes that plaintiff's Amended Complaint fails to state claims under the Fair Credit Reporting Act, the District of Columbia Consumer Protection Practices Act, and the Fair Debt Collection Practices Act, and, therefore, Counts II, IV and V will be dismissed. In addition, because the pleading fails to state a breach of contract claim, Count I will be dismissed. Remaining, then, is the defamation claim set forth in Count III, which may proceed as against AES at this time, given the allegation of malice in the Amended Complaint. An Order accompanies this Memorandum Opinion.

DATE: October 28, 2010

*/s/*
JOHN D. BATES
United States District Judge